UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VALLEJO CITY MAYOR, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-2894 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a county inmate proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Plaintiff's complaint was filed here on December 12, 2023.  At that time, plaintiff was incarcerated at the West County Detention Facility ("WCDF") in Richmond, California.  In an order filed December 21, 2023, this court ordered plaintiff to either pay the filing fee or file an application to proceed in forma pauperis.  (ECF No. 3.)  Because plaintiff was moved to the Metropolitan State Hospital and then back to the WCDF, he did not initially receive a copy of the court's order.  The court twice issued orders giving plaintiff additional time to pay the fee or file an application to proceed in forma pauperis on the form provided by the court.  (ECF Nos. 9, 11.)  On February 28, 2024, plaintiff filed the form application to proceed in forma pauperis.  However, plaintiff left blank the section of the form that requires the signature of an authorized officer regarding the amount of money in his jail account.  Therefore, the court cannot determine

////

whether plaintiff is eligible to proceed in forma pauperis. Plaintiff will be given another opportunity to file a completed form or pay the filing fee. However, plaintiff is warned that if he fails to file an appropriate form or pay the filing fee in the time provided, this court will recommend this action be dismissed. See Fed. R. Civ. P. 41; E.D. Cal. R. 110.

Plaintiff recently filed a document entitled in part "Declaration of Notice to Proceed in Forma Pauperis . . . Request for (T.R.O.) and Permanent Injunction." (ECF No. 15.) As best this court can tell, the document does not include any declaration by plaintiff regarding his financial status. Nor does it include the form for an in forma pauperis application with the signature of an authorized officer. Therefore, this court does not consider the document as any support for plaintiff's in forma pauperis application.

The document is lengthy and contains numerous allegations against numerous s agencies. Plaintiff contends he is mentally ill and a member of the class of plaintiffs in Coleman v. Newsom, 2:90-cv-520 KJM DB, a longstanding class action regarding mental health care in the California prison system. Plaintiff alleges that members of the Contra Costa County Sheriff's Department have conspired to murder him and have assaulted him; that CDCR "agents" are posing as prisoners to murder plaintiff in retaliation for filing a lawsuit; that the Vallejo Police Department hired a hitman to kill him; and that his mail is being interfered with in some way. Plaintiff also alleges conduct, including assaults by prison or jail employees, that occurred in 2021 and 2022 in jails in Fairfield, Vallejo, and San Francisco. Plaintiff does not specify what sort of injunction he seeks. He specifically seeks monetary relief and states that he requests any other relief "required to the full extent of the law."

For a number of reasons, this court recommends plaintiff's motion for injunctive relief be denied. A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Plaintiff must pay the filing fee or be granted the right to proceed in forma pauperis in order to commence this suit. See 28 U.S.C. 1915(a); E.D. Cal. R. 121. Because plaintiff has not done so, this court has not determined whether

plaintiff alleged any plausible claims for relief under section 1983. See 28 U.S.C. §1915A. Therefore, this court cannot find plaintiff is likely to succeed on the merits of his claims. Further, because plaintiff is currently incarcerated in Contra Costa County, only allegations concerning threats to him from officers there are relevant to his immediate safety. This court finds those allegations incredible. Plaintiff is alleging essentially the same behavior by officers or others in numerous jurisdictions over the course of several years. Plaintiff fails to show any connection between these alleged threats and assaults nor does plaintiff show that he is subject to immediate harm. Finally, plaintiff does not explain just what sort of injunctive relief he seeks.

Accordingly, IT IS HEREBY ORDERED that

1. Within thirty days of the date of this order, plaintiff shall file a complete Application to Proceed in Forma Pauperis or pay the filing fee if he wishes to proceed with this action. If plaintiff fails to do so, this court will recommend this action be dismissed for plaintiff's failure to comply with court orders. See Fed. R. Civ. P. 41; E.D. Cal. R. 110.

2. The Clerk of the Court shall provide plaintiff with a copy of the court's Application to Proceed in Forma Pauperis along with the copy of this order.

Further, IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 15) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////
////
////
////
////

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 15, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/turn2894.tro