UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>Plaintiff,<br><br>v.<br><br>VALLEJO CITY MAYOR, et al.<br><br>Defendants. | No.  2:23-cv-2894 KJM DB P<br><br>ORDER |

Plaintiff, a former county inmate proceeding pro se and in forma pauperis, filed this civil rights action under 42 U.S.C. §1983.  Before the court is plaintiff's complaint for screening.  For the reasons set forth below, this court finds plaintiff states no cognizable claims for relief.  Plaintiff will be given the opportunity to file an amended complaint.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.      Discussion**

When he filed this action, plaintiff was an inmate at the West County Detention Facility in Contra Costa County. Plaintiff is currently at Napa State Hospital. Plaintiff identifies as defendants: Vallejo City Mayor, Vallejo Police Department, Does 1-38, Office of the Clerk, and U.S. Magistrate.

This court has reviewed plaintiff's long, rambling, and sometimes illegible complaint and attempted to discern plaintiff's claims. Plaintiff's allegations include: (1) defendants have used police and prison guards to assault him (ECF No. 1 at 2-3); (2) defendants stole plaintiff's personal and inherited funds and property (id. at 3, 5); (3) defendants have taken these actions due to plaintiff's race (id. at 7); and (4) in May 2022, Vallejo Police Officer Areola illegally arrested and kidnapped plaintiff while using racial epithets (id. at 10-11). These are just a few of the issues and events plaintiff brings up.

If plaintiff wishes to pursue a §1983 case in this court, he must narrow his complaint, clearly identify each defendant by name, and clearly and briefly explain what each defendant has done that violated plaintiff's constitutional rights. Plaintiff must adhere to the following legal standards for stating claims for relief under § 1983.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.

- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

- Supervisory personnel are typically not appropriate defendants in a §1983 action. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (supervisors not liable for

3

the actions of their employees under § 1983; respondeat superior is not a basis for liability);

- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).
- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.
- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.
- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.

While the court is unable to determine what constitutional claims plaintiff may be attempting to assert, it appears plaintiff may be attempting to allege some of the following. Below is a brief description of the legal standards for these claims:

- If plaintiff is attempting to allege an Eighth Amendment medical claim, he must show that he had a serious medical need and that a defendant responded to that need with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994).
- If plaintiff is attempting to allege a claim for excessive force, he must allege facts showing that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam).
- Allegations of a conspiracy do not, in themselves, state "a constitutional tort under § 1983." A conspiracy "does not enlarge the nature of the claims asserted by the

4

plaintiff, as there must always be an underlying constitutional violation." <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted).

- To state a claim for retaliation under the First Amendment, plaintiff must state facts showing the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

- To state a claim that he was discriminated against in violation of the Equal Protection Clause, plaintiff must allege facts showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, <u>Hartmann v. Calif. Dept. of Corrs. and Rehab.</u>, 707 F.3d 1114, 1123 (9th Cir. 2013), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, <u>Engquist v. Oregon Dept. of Agriculture</u>, 553 U.S. 591, 601–02 (2008).

Finally, plaintiff is advised that by signing an amended complaint, he certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
2. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

3. The Clerk of the Court shall provide plaintiff with a copy of the form for civil rights complaints by a prisoner.

Dated: July 29, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/turn2894.scrn LTA